UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| JOSHUA COBY CLEM, | |
| Plaintiff, | |
| v. | No. 6:25-CV-061-H |
| CARLOS MARTINEZ, et al., | |
| Defendants. | |

**ORDER ADOPTING FINDINGS, CONCLUSIONS,
AND RECOMMENDATIONS OF THE MAGISTRATE
JUDGE AND OVERRULING THE PLAINTIFF'S OBJECTIONS**

Before the Court are the Findings, Conclusions, and Recommendations (FCR) of United States Magistrate Judge John R. Parker (Dkt. No. 23). Judge Parker concludes that the plaintiff's suit is frivolous and fails to state a claim upon which relief may be granted. He recommends the Court dismiss the suit with prejudice and likewise deny the pending motion for preliminary injunction (Dkt. No. 6). The plaintiff timely filed objections to the FCR (Dkt. No. 24).

The Court overrules the objections and adopts the FCR in full. The Court agrees that, after multiple attempts, the plaintiff has failed to state a viable claim and asserts only frivolous, sovereign-citizen theories. Accordingly, the Court dismisses the action with prejudice and terminates the pending motion for preliminary injunction (Dkt. No. 6).

1.  **Background**

    A.  **Factual Background and Procedural History**

    The plaintiff, Joshua Coby Clem, filed suit, pro se, on July 17, 2025, against Carlos Martinez, Crockett County Constable,[1] for alleged constitutional violations that occurred when he was arrested and detained for driving without a valid driver's license in violation of Texas law. *See* Dkt. No. 1. Per the Court's standing order, the case was referred to Judge Parker for pretrial management. Dkt. No. 2. Clem has since filed a request to proceed *in forma pauperis* (IFP) (Dkt. No. 4); a motion for preliminary injunction asking the Court to enjoin government officials from arresting, detaining, or citing him for continuing to drive without a license (Dkt. No. 6); multiple amendments, supplements, and requests to amend his original complaint (Dkt. Nos. 5; 10; 11; 14; 16; 17; 18; 19; 21); and answers to Judge Parker's questionnaire (Dkt. No. 15).

    Judge Parker granted the plaintiff's request to proceed IFP and screened the case pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See* Dkt. Nos. 7; 8. Judge Parker also granted the plaintiff's request to amend his complaint and allowed the plaintiff to file his most recent amended complaint and "supplemental document" together as his second amended complaint. *See* Dkt. No. 20; *see also* Dkt. Nos. 18-1; 19; 22.

    In his live pleading, the plaintiff asserts violations of his First, Fourth, and Fourteenth Amendment rights, arising from his arrest and detention for driving without a Texas driver's license. Dkt. No. 22 at 2. Although the plaintiff admits he did not have a license at the time of his arrest and detention, he claims such arrest violated his

---

[1] Clem first sued Martinez and later amended his complaint to add Susan Werner, Justice of the Peace, Precinct 1, Tom Green County, Texas, and Chris Taylor, County Attorney for Tom Green County, Texas. *See* Dkt. No. 22.

constitutional rights because he "do[es] not believe [he] was required to possess one because [he] was not engaged in any commercial activity" and instead was "exercising [his] constitutional right to travel privately." Dkt. No. 15 at 3. He also contends that Martinez has taken multiple retaliatory actions against him that have chilled his freedom of expression, association, and movement, including: citing his wife for traffic violations; causing three police officers to conduct an "aggressive" traffic stop; standing outside his car window while the other officers issued citations; parking "near or outside" his home and conducting traffic stops of other citizens; instructing other officers to warn him that he would be arrested or his vehicle impounded if he continued to drive without a license; and, approaching his son at a public pool to question him about the plaintiff's beliefs. *Id.* at 7.

### B.   Judge Parker's FCR

Judge Parker evaluated thoroughly each of the plaintiff's claims, taking as true the factual allegations made in the plaintiff's pleadings and response to his questionnaire, and concluded that, even viewing the allegations in a light most favorable to the plaintiff, his claims were frivolous and stated no grounds for relief. *See* Dkt. No. 23. Judge Parker first concluded that the premise of Clem's claims—that he "is not required to have the State of Texas's permission to operate a motor vehicle on public roads—is 'blatantly incorrect.'" *Id.* at 9–10 (quoting *Perkins v. Brewster*, No. 1:17-CV-1173, 2018 WL 4323948, at *2 (W.D. Tex. Sept. 7, 2018)). As for the alleged constitutional violations, Judge Parker concluded that:

(1)   Clem cannot assert a Fourth Amendment unreasonable-seizure claim because he does not dispute the facts that Martinez relied on that gave him probable cause to arrest Clem but, rather, disputes the validity of the statute that made his conduct unlawful, *id.* at 11;

(2) Clem cannot assert a Fourteenth Amendment due-process violation for restricting his liberty interest in travel because the licensing requirement does not prevent Clem from traveling but, instead, from doing so on public roads without a proper license, *id.* at 12–14; and

(3) Clem cannot assert a First Amendment retaliation claim because he cannot show that Martinez's only motive for his actions was retaliation against Clem for activity protected by the First Amendment, *id.* at 14–16.

Considering the frivolity of the plaintiff's claims, Judge Parker also recommended denying the plaintiff's request for a preliminary injunction. *Id.* at 17.

The plaintiff's objections reiterate his contention that the state's enforcement of its driver's license requirement through his arrest and detainment violated his constitutionally protected right to travel because the license requirement is inapplicable to a private citizen who is not traveling for the purpose of commerce. Dkt. No. 24 at 2. He also alleges for the first time that the defendants acted in concert to "oppress or injure" him for the "free exercise of [his] constitutional rights" in violation of 18 U.S.C. § 241. *Id.* at 3. In support of these objections, the plaintiff cites cases from the Supreme Court and state courts in Illinois, California, and Virginia. *See id.* at 3–4, 7–8.

2. **Legal Standard**

A party who seeks to object to any part of a Magistrate Judge's FCR must file specific written objections within 14 days after being served with a copy. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). As for portions where no specific objections are filed within the 14-day period, the Court reviews the Magistrate Judge's findings, conclusions,

and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

When a party files objections, the Court must review those objected-to portions de novo. 28 U.S.C. § 636(b)(1); *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994). The district court may then accept, reject, or modify the recommendations or findings, in whole or in part. Fed. R. Civ. P. 72(b)(3). Objections to the FCR must be "specific"; they must "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). "[A]n objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found." *Thompson v. Bumpas*, No. 4:22-CV-640, 2022 WL 17585271, at *1 (N.D. Tex. Dec. 12, 2022) (citing *United States v. Mathis*, 458 F. Supp. 3d 559, 564 (E.D. Tex. 2020)).

The district court need not consider "[f]rivolous, conclusive[,] or general objections." *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quotation omitted). Moreover, "[i]t is well settled that issues raised for the first time in objections to a magistrate judge's report are deemed not properly before the district court." *K Invs., Inc. v. B-Gas Ltd.*, No. 21-40642, 2022 WL 964210, at *5 (5th Cir. Mar. 30, 2022) (first citing *Cupit v. Whitley*, 28 F.3d 532, 535–36 n.5 (5th Cir. 1994); then citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); and then citing *Harrison v. Smith*, 83 F. App'x 630, 632 (5th Cir. 2003)).

3. **Analysis**

The Court overrules the plaintiff's objections and affirms the FCR in full.

Foremost, the plaintiff does not make specific objections to identified portions of the FCR or Judge Parker's well-reasoned conclusions about each claim, but rather generally objects to Judge Parker's recommendation of dismissal with prejudice. *See* Dkt. No. 24 at 2–3. The Court has reviewed these unobjected-to portions of the FCR for plain error. Finding none, the Court accepts and adopts those portions of the FCR.

In short, the plaintiff's objections are merely reiterations of the conclusory allegations made in his live pleading. And his citations to legal authority are either irrelevant, non-binding, or both. As the Court need not consider "[f]rivolous, conclusive[,] or general objections," *Battle*, 834 F.2d at 421, the plaintiff's objections are overruled. Furthermore, the assertion of a conspiracy between the defendants, made for the first time in the plaintiff's objections, is not properly before the Court. *K Invs.*, 2022 WL 964210, at *5. Even so, the plaintiff has made no factual allegations to support such a theory.

### 4.  Conclusion

In sum, the Court overrules the plaintiff's objections (Dkt. No. 24) and adopts the FCR (Dkt. No. 23) as this Court's findings. Accordingly, the Court denies the plaintiff's motion for preliminary injunction (Dkt. No. 6) and dismisses the action with prejudice.

So ordered on February 27, 2026

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE